IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMIR H. BUTTS, | ) | CASE NO. 1:22-CV-00257-JG |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES GWIN |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| WARDEN KENNETH BLACK, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Tamir Butts ("Butts" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Butts is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Butts,* Cuyahoga County Court of Common Pleas Case No. CR-17-622310-A. For the following reasons, the undersigned recommends that the Petition be DISMISSED.

## I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Butts' conviction as follows:

1

{¶ 2} The instant case is the result of sexual abuse suffered by the victim, K.R., at the hands of appellant. K.R. was seven years old when appellant began sexually abusing her, and the abuse continued as K.R. was eight and nine years old. Appellant and K.R.'s mother, I.P. (hereinafter "mother"), were in a relationship, and had a child together. From 2008 through 2011, appellant, mother, and K.R. all lived together. Appellant and mother had a child together, L.P., and their child also resided in the home. During this time that they all lived together, mother frequently worked in the afternoons and was away from the home in the early evenings. While mother was at work, appellant cared for K.R. and L.P. Sometime in 2011, mother ended her relationship with appellant, and they ceased living together.

{¶ 3} Thereafter, mother began a relationship with another man, M.H. At some point in 2013, mother, K.R., and L.P. began living together with M.H. At this time, mother was still working afternoons, and while she was at work, M.H. would care for K.R. and L.P. After several years of living together, M.H. told mother that K.R. was distant with him and was standoffish towards him. In January 2017, mother approached K.R., and asked her why she was distant and standoffish around M.H. In response to this inquiry, K.R. disclosed to her mother that appellant had sexually assaulted her in the past.

{¶ 4} On October 20, 2017, a Cuyahoga County Grand Jury returned a 16-count indictment against appellant. Appellant was charged with four counts of rape, violations of R.C. 2907.02(A)(1)(b), with sexually violent predator specifications (Counts 1, 5, 9, and 13). Counts 1, 5, and 9 contained furthermore specifications alleging that the victim was under the age of 10 at the time the offenses were committed, and that appellant forced the victim to submit by force or threat of force. Count 13 contained a furthermore specification alleging that the victim was between the ages of 10 and 13 at the time the offense was committed and that appellant forced the victim to submit by force or threat of force. Appellant was also charged with four counts of gross sexual imposition ("GSI"), third-degree felony violations of R.C. 2907.05(A)(4), with sexually violent predator specifications (Counts 2, 6, 10, and 14); four counts of kidnapping, first-degree felony violations of R.C. 2905.01(B)(2), with sexual motivation and sexually violent predator specifications (Counts 3, 7, 11, and 15). Counts 3, 7, and 11 contained a furthermore specification alleging that the victim was under the age of 13, appellant was not a parent of the victim, and that the offense was committed with a sexual motivation. Count 15 contained a furthermore specification alleging that the victim was under the age of 18 and that appellant was not a parent of the victim. Finally, appellant was charged with four counts of endangering children, second-degree felony violations of R.C. 2919.22(B)(1), with furthermore specifications alleging that the offense caused serious physical harm to the victim (Counts 4, 8, 12, and 16).

{¶ 5} The indictment alleged that Counts 1-4 were committed on or about September 11, 2008, to September 10, 2009. The indictment alleged that

Counts 5-8 were committed on or about September 11, 2009, to September 10, 2010. The indictment alleged that Counts 9-12 were committed on or about September 11, 2010, to September 10, 2011. The indictment alleged that Counts 13-16 were committed on or about September 11, 2011, to December 31, 2011. Appellant pled not guilty to the indictment at his November 3, 2017 arraignment.

{¶ 6} A jury trial commenced on February 4, 2019. Appellant waived his right to a jury on the sexually violent predator specifications underlying Counts 1, 2, 3, 5, 6, 7, 9, 10, and 11. Before the jury was selected, the state moved to amend the dates pertaining to Counts 9, 10, 11, and 12 from occurring on or about September 11, 2010, to September 10, 2011, to occurring on or about September 11, 2010, to June 1, 2011. The state also dismissed Counts 13, 14, 15, and 16, pertaining to the period of time between September 11, 2011, and December 31, 2011. (Tr. 18-19.)

{¶ 7} At trial, the state presented several witnesses, most notably, K.R., mother, Detective Jennifer Kroczak with the Euclid Police Department, the lead investigator assigned to the case, and Kirsti Mouncey, chief clinical officer at the Cleveland Rape Crisis Center. Appellant presented no witnesses.

{¶ 8} On February 11, 2019, at the close of the state's case-in-chief, appellant's counsel moved for a Crim.R. 29 judgment of acquittal. The trial court denied the Crim.R. 29 motion as it pertained to Counts 1, 2, and 3 (rape, GSI, and kidnapping); and the endangering children offenses charged in Counts 4, 8, and 12 were amended from second-degree felonies to first-degree misdemeanors by deleting the furthermore specifications. The trial court determined that the state failed to present sufficient evidence that the victim suffered serious physical harm.

{¶ 9} On February 13, 2019, the jury returned its verdict. The jury found appellant guilty of rape on Counts 1, 5, and 9 and guilty of the underlying furthermore specifications; the trial court found appellant not guilty of the underlying sexually violent predator specifications. The jury found appellant guilty of GSI on Counts 2 and 10, but not guilty of GSI on Count 6; the trial court found appellant not guilty of the underlying sexually violent predator specifications. The jury found appellant guilty of kidnapping, the underlying furthermore specifications, and the sexual motivation specifications on Counts 3, 7, and 11; the trial court found appellant not guilty of the underlying sexually violent predator specifications. The jury found appellant guilty of first-degree misdemeanor endangering children on Counts 4, 8, and 12. The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶ 10} The trial court held a sentencing hearing on March 6, 2019. The trial court merged Counts 1, 3, and 4; Counts 5, 7, and 8; and Counts 9, 11, and 12. The state elected to sentence appellant on the rape offenses charged in Counts

3

> 1, 5, and 9. The trial court imposed a sentence of life imprisonment with parole eligibility after serving 25 years: 25 years to life on Count 1; five years on Count 2; 25 years to life on Count 5; 25 years to life on Count 9; and five years on Count 10. The trial court ordered the counts to run concurrently to one another. The trial court's sentencing entry was journalized on March 8, 2019.

*State v. Butts*, 2020-Ohio-1498, 2020 WL 1891167, at **1-3 (Ohio Ct. App. Apr. 16, 2020).

## II.     Procedural History

### A.     Trial Court Proceedings

On October 20, 2017, the Cuyahoga County Grand Jury indicted Butts on the following charges: four counts of rape in violation of O.R.C. § 2907.02(1)(b) (Counts 1, 5, 9 and 13), all with sexually violent predator specifications; four counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(4) (Counts 2, 6, 10 and 14), all with sexually violent predator specifications; four counts of kidnapping in violation of O.R.C. § 2905.01(B)(2) (Counts 3, 7, 11 and 15), all with sexual motivation specifications and sexually violent predator specifications; and four counts of endangering children in violation of O.R.C. § 2919.22(B)(1) (Counts 4, 8, 12 and 16). (Doc. No. 5-1, Ex. 1.)

Butts entered a plea of not guilty to the charges. (Doc. No. 5-1, Ex. 2.)

Butts elected to proceed with a trial to the bench of the sexually violent predator specifications. (Doc. No. 5-1, Ex. 3.)

The case proceeded to a jury trial on all but the sexually violent predator specifications. (Doc. No. 5-1, Ex. 4.) On February 13, 2019, the jury returned its verdict, finding Butts guilty on three counts of rape (Counts 1, 5 and 9), guilty on two counts of gross sexual imposition (Counts 2 and 10) but not guilty on the third count of gross sexual imposition (Count 6), guilty of kidnapping (Counts 3, 7, 11) and the attached sexual motivation specifications, and guilty of endangering children (Counts 4, 8 and 12). (*Id.*) The trial court found Butts not guilty on all sexually violent predator specifications. (*Id.*) The State had dismissed Counts 13-16 prior to trial. (*Id.*)

4

On March 6, 2019, the state trial court held a sentencing hearing. (Doc. No. 5-1, Ex. 5.) The trial court merged Counts 1, 3, and 4, Counts 5, 7, and 8, and Counts 9, 11, and 12. (*Id.*) The State elected to proceed on Counts 1, 5, and 9 for sentencing. (*Id.*) The trial court then sentenced Butts to 25 years to life in prison with the eligibility of parole after 25 years on Counts 1, 5 and 9, and five years in prison on Counts 2 and 10. (*Id.*) The trial court ordered all sentences to be served concurrently to each other. (*Id.*)

**B.  Direct Appeal**

On April 3, 2019, Butts, through counsel, filed a timely notice of appeal to the Eighth District Court of Appeals. (Doc. No. 5-1, Ex. 6.) In his appellate brief, Butts raised the following assignments of error:

> I. The trial court failed to ensure that the appellant knowingly, intelligently and voluntarily waived his right to testify as established by the Fourteenth Amendment to the United States Constitution.
>
> II. The trial court erred in the sentencing procedure as he failed to consider a sentencing option of life with parole eligibility after fifteen years pursuant to pursuant to R.C. §2971.03(B)(1)(C).

(Doc. No. 5-1, Ex. 7.) The State filed a brief in response. (Doc. No. 5-1, Ex. 8.)

On April 16, 2020, the state appellate court affirmed Butts' convictions. (Doc. No. 5-1, Ex. 9.) *See also State v. Butts*, 2020-Ohio-1498, 2020 WL 1891167, at *1.

Butts failed to appeal the state appellate court's decision to the Ohio Supreme Court.

**C.  Petition for Post-Conviction Relief**

On May 13, 2020, Butts, through counsel, filed a timely petition to vacate or set aside judgment of conviction or sentence pursuant to O.R.C. § 2953.21, alleging his counsel was ineffective for failing to call Dr. Sandra McPherson as an expert witness and failed to thoroughly cross-examine the lead detective about her interviewing techniques. (Doc. No. 5-1, Ex. 10.) The State filed a response in opposition.

(Doc. No. 5-1, Ex. 11.) Butts' petition remains pending in the Cuyahoga County Court of Common Pleas. *See* Docket Sheet for *State v. Butts*, Cuyahoga County Case No. CR-2017-622310-A.

**D.     Application to Reopen Appeal under Ohio App. R. 26(B)**

On July 15, 2020, Butts, through counsel, filed an Application to Reopen Appeal Pursuant to Ohio App. R. 26(B). (Doc. No. 5-1, Ex. 12.) Butts argued he received ineffective assistance of appellate counsel when appellate counsel failed to raise the following assignments of error on direct appeal:

> I.     The trial court erred in refusing to allow counsel to cross-examine the lead detective on statement she previously attested to in an affidavit to a search warrant.
>
> II.     The trial court erred in interpreting and applying Criminal Rule 16(D) and 16(E) depriving Appellant of a fair trial.

(*Id.*) The State filed a response in opposition. (Doc. No. 5-1, Ex. 13.)

On October 20, 2020, the state appellate court denied the application to reopen. (Doc. No. 5-1, Ex. 14.) The state appellate court found Butts failed to provide any evidence to show that his appellate counsel was deficient or that he was prejudiced by the claimed errors. (*Id.*)

On December 4, 2020, Butts, through counsel, filed a notice of appeal to the Supreme Court of Ohio. (Doc. No. 5-1, Ex. 15.) In his memorandum in support of jurisdiction, Butts set forth the following proposition of law:

> I.     A trial court commits reversible error in refusing to allow trial counsel to cross examine the lead detective on statements previously attested to in an affidavit to a search warrant.

(Doc. No. 5-1, Ex. 16.) The State filed a waiver of response. (Doc. No. 5-1, Ex. 17.)

On April 13, 2021, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Doc. No. 5-1, Ex. 18.)

6

**E.     Federal Habeas Petition**

On February 15, 2022, Butts, through counsel, filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**:  The Petitioner's Sixth Amendment rights were infringed upon when the trial court refused to permit cross examination of the lead detectives on statements they previously made in a search warrant affidavit.
>
>> **Supporting Facts**:  The lead detective in this case, Det. Kroczak, had sought a warrant for the arrest of Petitioner on February 22, 2017, but no arrest warrant was issued. Further investigation pursued and a search was was [sic] sought in order to photograph Petitioner's penis. Petitioner's trial counsel attempted to cross examine Det. Kroczak on the contents of the search warrant, but the trial court refused to permit the line of questioning. The record reflects that the line of questioning was not pertaining to a probable cause determinatino [sic], rather a discrepancy in testimony.

(Doc. No. 1.)

On September 22, 2022, Warden Kenneth Black ("Respondent") filed the Return of Writ. (Doc. No. 5.)  Butts filed a Traverse on March 23, 2023.  (Doc. No. 10.)

### III. Exhaustion and Procedural Default

**A.     Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways. *Id.*  First, a petitioner may procedurally default a claim

7

by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.;* *see also Maupin v. Smith*, 785F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[1] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio

---

[1] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that

the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S.722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp. 2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

**B.      Application to Petitioner**

In his sole ground for relief, Butts argues his "Sixth Amendment rights were infringed upon when the trial court refused to permit cross examination of the lead detectives on statements they previously made in a search warrant affidavit." (Doc. No. 1 at 5.)

Respondent argues this claim is procedurally defaulted. (Doc. No. 5 at 11.) While Butts raised a claim of ineffective assistance of appellate counsel for appellate counsel's failure to raise this claim on direct appeal, "presentation of an ineffective assistance of counsel claim to the state courts does not fairly present the underlying claim." (*Id.*) (citations omitted). While Butts did raise his habeas claim on appeal to the Ohio Supreme Court in challenging the denial of 26(B) application, "[i]t is a long-standing rule in the State of Ohio that a criminal constitutional question cannot be raised in the Supreme Court unless it was presented and argued in the court below." (*Id.* at 12) (citations omitted). Respondent asserts there is no cause and prejudice to excuse the procedural default, as any claim of ineffective assistance of appellate counsel is itself procedurally defaulted and Butts fails to allege actual innocence, let alone provide new, reliable evidence of actual innocence. (*Id.* at 13-15.)

10

In his Traverse, Butts argues Respondent overlooks the fact that the state appellate court "discussed the merits" of his Sixth Amendment claim in denying his 26(B) Application. (Doc. No. 10 at 7.) Butts asserts, "Therefore, when combined, Butts' assertion of ineffective assistance of appellate counsel in the Ohio Court of Appeals and his assertion of his Sixth Amendment rights in the Ohio Supreme Court operate together to complete the requisite round of state appellate review." (*Id.* at 7-8.) Butts maintains that his claim was presented to the state courts "under the same theory" as it is presented here, and that "[w]hile the proposition of law" submitted to the Ohio Supreme Court "was not itself framed in the context of ineffective assistance of counsel, and did not include verbiage to that effect, the basis of the argument in the Memorandum in Support of Jurisdiction to the Ohio Supreme Court was challenging the Eighth District Court of Appeals analysis of the claim itself and that it should have been presented on direct appeal." (*Id.* at 8.)

The Court finds Ground One is procedurally defaulted. As noted above, Butts did not raise this claim on direct appeal to the state appellate court. While Butts raised this claim before the Supreme Court of Ohio, "under Ohio law, a constitutional question cannot ordinarily be raised before the Ohio Supreme Court unless it was first presented to the intermediate appellate court." *Reed v. Jenkins*, Case No. 3:15-cv-00620, 2016 WL 6311235, at *6 (N.D. Ohio June 22, 2016) (citations omitted), *report and recommendation adopted by* 2016 WL 6393350 (N.D. Ohio Oct. 27, 2016). As the Sixth Circuit has explained, "'The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals.'" *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (quoting *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir.1982) (additional internal citations omitted).

The Court notes that Butts raised an ineffective assistance of appellate counsel claim in his 26(B) Application based on appellate counsel's failure to raise a Sixth Amendment claim regarding the trial

11

court's refusal to permit cross examination of the lead detectives on statements they previously made in a search warrant affidavit. (Doc. No. 5-1, Ex. 12.) This does not, however, preserve Ground One as set forth in Butts' Petition for federal habeas review. Indeed, it is well-established that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). As another district court within this Circuit has explained:

> [U]nder Ohio law, an application for reopening pursuant to App. R. 26(B), or a "Murnahan" motion, is a procedural mechanism for raising claims of appellate counsel ineffectiveness, not for bootstrapping underlying constitutional claims that were omitted from the direct appeal in the first place. Fair presentment requires a petitioner to present his claims to the state courts in a procedure and manner that will provide the state courts with the opportunity to apply controlling legal principles. *Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To the extent petitioner is suggesting that raising a claim in a Rule 26(B) application is equivalent to raising that claim on direct appeal, he is in error. The notion that any constitutional claim raised in an application for reopening is fairly presented to the state courts in the same manner as if that claim had been raised in a timely direct appeal is untenable and unsupported by case law. The only claims that can be preserved in a Rule 26(B) application for reopening, therefore, are claims of ineffective assistance of appellate counsel.

*Stojetz v. Ishee*, 389 F. Supp. 2d 858, 898–99 (S.D. Ohio 2005). *See also Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012); *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005); *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1098 (N.D. Ohio 2014); *White v. Shewalter*, Case No. 1:10CV1265, 2012 WL 2711463, at *10 (N.D. Ohio March 14, 2012), *report and recommendation adopted by* 2012 WL 2741551 (July 9, 2012). Thus, Butts' 26(B) Application did not preserve his underlying ineffective assistance of trial counsel claim for habeas review.

In light of the above, the Court finds Ground One of Butts' Petition is procedurally defaulted.

### a. Cause and Prejudice

Butts may nevertheless obtain a merits review of this claim if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren*, 440 F.3d at 763.

The Sixth Circuit has held that cause to excuse the procedural default of a habeas claim may exist if a petitioner's appellate counsel was ineffective in failing to raise the issue. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004); *Smith v. Ohio, Department of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Berry v. Warden, Southern Ohio Correctional Facility*, Case No. 3:14CV2518, 2016 WL 4177174, at *3 (N.D. Ohio Aug. 8, 2016). However, a petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit. *See Moore*, 708 F.3d at 776; *Davie*, 547 F.3d at 312; *Berry*, 2016 WL 4177174, at *3. Thus, if a state court rejects an ineffective assistance of appellate counsel claim on the merits, a petitioner's default may not be excused on the basis of appellate counsel's failure to raise the underlying claim on direct appeal. *See Moore*, 708 F.3d at 776–777 ("Moore cannot show ineffective assistance of his appellate counsel for failing to raise the issue on appeal because the underlying claim lacks merit. *Davie*, 547 F.3d at 312. The state court did not unreasonably apply *Strickland* in so holding. The claim is procedurally defaulted and that default is unexcused."); *Berry*, 2016 WL 4177174, at *3.

As noted above, Butts did not raise Ground One of his habeas Petition on direct appeal. In his application to reopen his appeal under Ohio App. R. 26(B), Butts argued his appellate counsel was ineffective for failing to argue on direct appeal that the "trial court erred in refusing to allow trial counsel to cross-examine the lead detective on statements she previously attested to in an affidavit to a search warrant." (Doc. No. 5-1, Ex. 12.) While the state appellate court discussed the merits of Butts' Sixth

13

Amendment claim, it was in the context of whether Butts had received constitutionally ineffective assistance of counsel.² (Doc. No. 5-1, Ex. 14.) However, in his appeal to the Supreme Court, as Butts himself acknowledges, this issue was not framed as ineffective assistance of appellate counsel; rather, Butts argued the merits of the underlying claim. (Doc. No. 5-1, Ex. 16.) The nature of the appeal required Butts "to present to the Ohio Supreme Court the same arguments that he had already raised in his Rule 26(B) motion." *Churchill v. Warden, Southeastern Corr. Inst.*, Case No. 2:18-CV-296, 2019 WL 2579143, at *5 (S.D. Ohio June 24, 2019), *report and recommendation adopted by* 2020 WL 4581360 (S.D. Ohio Aug. 10, 2020). Therefore, Butts' claim of ineffective assistance of appellate counsel is itself procedurally defaulted and cannot serve as cause to excuse the procedural default of Ground One.³ *See Carpenter*, 529 U.S. at 453.

---

² Indeed, the state appellate court could not consider the claim presented in Butts' 26(B) Application in any other context. "Ohio R.App. P. 26(B)(5) clearly reads: "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal," and the Ohio Supreme Court has limited applications to reopen to that precise basis. See *State v. Reed,* 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996); *State v. Spivey,* 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 1998-Ohio-704 (1998); *State v. Bryant-Bey,* 97 Ohio St.3d 87, 776 N.E.2d 480, 2002-Ohio-5450 (2002). An application to reopen does not serve as a proper vehicle to carry any other claim other than ineffective assistance of appellate counsel." *Bunting v. Bobby*, Case No. 4:04CV386, 2007 WL 893863, at *6 (N.D. Ohio Mar. 22, 2007).

³ Even if the Court were to find Butts sufficiently presented his ineffective assistance of appellate counsel claim to the Supreme Court of Ohio, where, as here, a state court correctly identifies *Strickland* as the standard for assessing a petitioner's ineffective assistance claim, in order for the petitioner to receive habeas relief, the state court's ruling must be an unreasonable application of the *Strickland* standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) ("The question is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether that determination was unreasonable—a substantially higher threshold.") (internal quotation marks omitted). When reviewing a state court's ruling on an ineffective assistance of counsel claim, federal habeas courts must employ "a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) ("Our review of the [state court's] decision is thus doubly deferential. We take a highly deferential look at counsel's performance through the deferential lens of § 2254(d).") (internal citations and quotation marks omitted). Because the state court reasonably determined Butts' appellate counsel was not ineffective for failing to raise this underlying Sixth Amendment claim, the Court finds Butts has not satisfied the cause requirement to overcome his default of Ground One. *See,*

As Butts fails to show cause, the Court need not consider the prejudice prong. *Smith v. Murray*, 477 U.S. at 533–34.

      b.      **Actual Innocence**

As noted above, a petitioner's procedural default may be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749–50. In order to establish actual innocence, a habeas petitioner must show "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. *See also Jones*, 489 F. Supp. 2d at 807; *Allen*, 2012 WL 3711552, at *7. A petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316.

Here, Butts fails to assert any claim of actual innocence, nor present any new, reliable evidence of actual innocence. (Doc. Nos. 1, 10.) Therefore, the Court finds Butts has failed to demonstrate the procedural default of Ground One should be excused on the basis of actual innocence.

### IV.    Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

---

*e.g., Moore,* 708 F.3d at 778 ("That procedural default is not excused because even if his appellate counsel had raised the issue, the underlying claim was meritless."); *Warren v. Smith*, Case No. 1:09CV1064, 2010 WL 2837001, at *9 (N.D. Ohio April 29, 2010) (even where petitioner was represented by the same counsel at trial and on direct appeal, court found petitioner did not establish cause to excuse the default of habeas claim because state appellate court considered petitioner's 26(B) Application on the merits and determined appellate counsel was not deficient for failing to raise issue on direct appeal).

Date: May 8, 2023                                    *s/ Jonathan Greenberg*
                                                     Jonathan D. Greenberg
                                                     United States Magistrate Judge

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** *Berkshire v. Beauvais*, **928 F.3d 520, 530-31 (6th Cir. 2019).**