UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| TAMIR H. BUTTS, | : | CASE NO. 1:22-cv-00257 |
| Petitioner, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 1, 11, 13] |
| v. | : |  |
| KENNETH BLACK, | : |  |
| Respondent. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Tamir Butts currently serves a state sentence for child sexual abuse. Butts filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his Sixth Amendment confrontation rights were violated when the state trial court prevented him from cross examining the lead detective in his case on alleged inconsistencies in testimony.[1]

The Court referred Butts' petition to a Magistrate Judge. In a report and recommendation (R&R), the Magistrate Judge recommended dismissing the petition because Butts procedurally defaulted his confrontation claim, and Butts' default was not excused.[2] Butts objected to the R&R.[3] Respondent did not reply.

The Court reviews the R&R's objected-to portions de novo.[4] The Court agrees with the Magistrate Judge's recommendation, though for somewhat different reasons than given in the R&R. Therefore, the Court **OVERRULES** Butts' objections, **ADOPTS IN PART** and **REJECTS IN PART** the R&R, and **DISMISSES** Butts' petition.

---

[1] Doc. 1.
[2] Doc. 11.
[3] Doc. 13.
[4] 28 U.S.C. § 636(b)(1).

Case No. 1:22-cv-00257
GWIN, J.

## I. BACKGROUND

Because the R&R contains a detailed account of the factual and procedural background in this case,[5] the Court recounts only the background relevant to Butts' objections.

On February 13, 2019, a jury convicted Petitioner Butts of child sexual abuse.[6] In his direct appeal from his trial court conviction, Butts timely appealed his conviction but did not raise any Sixth Amendment confrontation claims.[7] On April 16, 2020, the state appellate court affirmed Butts' conviction.[8]

On July 15, 2020, Butts filed an Ohio Rule of Appellate Procedure 26(B) application to reopen his appeal.[9] In his application, Butts first raised a confrontation claim when Butts argued that his appellate counsel was ineffective for not raising the confrontation claim that Butts now makes in his habeas petition.[10] The state appellate court denied Butts' application to reopen his case.[11]

Butts appealed this denial to the Ohio Supreme Court.[12] In his appeal to the Ohio Supreme Court, Butts did not frame his claim as an ineffective assistance of appellate counsel. Instead, Butts asked the Ohio Supreme Court to review his underlying confrontation claim.[13] The Ohio Supreme Court denied review.[14]

---

[5] Doc. 11 at 1–7.
[6] Doc. 5-1, Ex. 4.
[7] Doc. 5-1, Exs. 6–7.
[8] Doc. 5-1, Ex. 9.
[9] Doc. 5-1, Ex. 12.
[10] *Id.* at PageID #: 195–97.
[11] Doc. 5-1, Ex. 14.
[12] Doc. 5-1, Ex. 15.
[13] Doc. 5-1, Ex. 16 at PageID #: 236–39.
[14] Doc. 5-1, Ex. 18.

Case No. 1:22-cv-00257
GWIN, J.

Butts then filed this habeas petition.[15] In his habeas petition, Butts makes a single claim. Butts claims that the state trial court violated his Sixth Amendment confrontation rights when the state trial court limited Butts' ability to cross examine the lead detective in his case.[16]

Specifically, Butts points to an alleged inconsistency in the lead detective's testimony. According to the lead detective's affidavit used to obtain a search warrant, the child-sex-abuse victim supposedly said that she disliked Butts.[17] Petitioner Butts gives evidence that the victim had said she disliked her mother's new boyfriend.[18] From Butts' perspective, the warrant affidavit's inaccuracy showed that the lead detective was biased against him.[19] So, Butts says, the trial court should have allowed him to cross examine the lead detective on that issue.

The Magistrate Judge recommended that this Court dismiss Butts' petition.[20] The Magistrate Judge found that Butts procedurally defaulted his Sixth Amendment confrontation claim because Butts never presented his confrontation claim on direct appeal.[21] The Magistrate Judge further concluded that Butts' default was not excused by ineffective assistance of appellate counsel, since Butts' ineffective assistance claim was itself procedurally defaulted when Butts sought Ohio Supreme Court review.[22] Independent of the procedural default finding, the Magistrate Judge recommended that Butts' confrontation claim was a loser and did not support habeas relief.[23]

---

[15] Doc. 1.
[16] *Id.* at PageID #: 5.
[17] Doc. 10 at 8–9.
[18] *Id.*
[19] *Id.*
[20] Doc. 11.
[21] *Id.* at 11–12.
[22] *Id.* at 14.
[23] *Id.* at 14 n.3.

Case No. 1:22-cv-00257
GWIN, J.

Butts timely objected to the R&R.[24] Respondent did not reply to Butts' objections.

## II. LEGAL STANDARD

Usually, before a federal court can consider the merits of a habeas claim, it must first address the threshold question of procedural default.[25] There are two types of procedural default:

First, a petitioner procedurally defaults a claim when the petitioner has exhausted his state-court remedies, but the state courts declined to reach the merits of the petitioner's claim because the petitioner failed to comply with a state procedural rule.[26]

Second, a claim is procedurally defaulted when a petitioner has failed to exhaust his state-court remedies, and those remedies are no longer available under state procedural rules.[27]

Federal courts generally may not consider procedurally defaulted claims on the merits. The only exception to this rule is if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the [claimed] violation of federal law," or if the petitioner can demonstrate that enforcing the default would "result in a fundamental miscarriage of justice."[28]

Once a federal court moves past the threshold procedural default question and reaches the merits of a habeas claim, the federal court reviews habeas claims under the Antiterrorism and Effective Death Penalty Act (AEDPA).[29] AEDPA requires federal courts to

---

[24] Order (May 15, 2023); Doc. 13.
[25] *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013).
[26] *Id.* at 295 (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).
[27] *Id.* (citing *Williams*, 460 F.3d at 806).
[28] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[29] *Carter v. Bogan*, 900 F.3d 754, 767 (6th Cir. 2018).

- 4 -

Case No. 1:22-cv-00257
GWIN, J.

be highly deferential to states courts' decisions. A federal court may grant habeas relief only when the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[30]

Only the first of these two standards is relevant here, because Petitioner Butts does not argue that the state courts made any factual mistakes.

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[31]

A state court's decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[32]

For a decision to be "unreasonable," it must be more than merely incorrect.[33] Rather, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[34]

Finally, even if a state court's decision is contrary to or an unreasonable application of clearly established federal law, federal courts may not grant habeas relief if the state court's

---

[30] 28 U.S.C. § 2254(d).
[31] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).
[32] *Id.*
[33] *Carter*, 900 F.3d at 767–68 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).
[34] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

- 5 -

Case No. 1:22-cv-00257
GWIN, J.

error was harmless.[35] The petitioner bears the burden of showing harm and must establish "actual prejudice."[36] This means that the petitioner must show that the state court's mistake "had substantial and injurious effect or influence in determining the jury's verdict."[37]

### III. DISCUSSION

### A. Procedural Default

The Magistrate Judge found that Petitioner Butts' Sixth Amendment confrontation claim was procedurally defaulted because Butts did not raise his confrontation claim on direct appeal to the state appellate court.[38] The Court agrees.

In Ohio, claims that could have been raised on direct appeal but were not raised are barred by res judicata.[39] There is no dispute that Butts' confrontation claim could have been raised on direct appeal. There is also no dispute that Butts failed to raise his confrontation claim on direct appeal. As such, res judicata stops Butts' confrontation claim. And it is well-established that the Ohio res judicata rule is a procedural bar that defaults Butts' confrontation claim in habeas proceedings.[40]

In his objections, Butts makes two arguments against procedural default. First, Butts suggests that he did not default his confrontation claim because Butts presented his confrontation claim to the state appellate court in Butts' 26(B) application to reopen appeal.[41] Second, Butts argues that his confrontation claim is not defaulted because the state courts did not "clearly and expressly" rely on a state procedural rule to deny that claim.[42]

---

[35] *Davis v. Ayala*, 576 U.S. 257, 267 (2015).
[36] *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).
[37] *Brecht*, 507 U.S. at 637 (citation omitted).
[38] Doc. 11 at 11.
[39] *Hand v. Houk*, 871 F.3d 390, 408 (6th Cir. 2017).
[40] *Id.* at 409.
[41] Doc. 13 at 3.
[42] *Id.*

Case No. 1:22-cv-00257
GWIN, J.

In *Davie v. Mitchell*,[43] the Sixth Circuit rejected Butts' first argument. The Sixth Circuit explained that the "very nature [of] a Rule 26(B) application is a claim of ineffective assistance of appellate counsel."[44] As a consequence, claims raised in a Rule 26(B) application must be construed as claims for ineffective assistance of appellate counsel. Even if a petitioner argues there was an underlying constitutional claim that his appellate counsel should have raised, a Rule 26(B) application cannot be construed as raising that underlying claim.[45]

Further, "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'"[46] Put another way, "a Rule 26(B) application 'based on ineffective assistance cannot function to preserve' the underlying substantive claim."[47]

These principles control here. Although Butts raised his Sixth Amendment confrontation claim in his Rule 26(B) application,[48] Butts' Rule 26(B) application can only be construed as raising ineffective appellate counsel assistance based on his counsel's failure to make a confrontation claim. That Rule 26(B) ineffective assistance claim does not preserve Butts' underlying confrontation claim for habeas.

---

[43] 547 F.3d 297 (6th Cir. 2008).
[44] *Id.* at 312.
[45] *See id.* at 311 ("It is true that the substantive 'acquittal-first' claim was included as part of [the petitioner]'s Rule 26(B) application filed on March 31, 2000. But that application cannot be construed as raising the substantive 'acquittal-first' claim.").
[46] *Id.* at 312 (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)).
[47] *Id.* (quoting *White*, 431 F.3d at 526).
[48] Doc. 5-1, Ex. 12 at PageID #: 195–97.

Case No. 1:22-cv-00257
GWIN, J.

Butts' second argument fares no better than his first. In arguing that the state courts did not "clearly and expressly" rely on a procedural rule to deny his confrontation claim, Butts confuses the two types of procedural default.

The two types of procedural default differ in whether the petitioner exhausted his state remedies or not.[49] That is, the types of procedural default differ in whether the petitioner fairly presented his claims to the state courts before filing a habeas petition.[50]

For the first type of default, where a petitioner has presented his constitutional claims to the state courts, the petitioner defaults his claim only if the state courts "clearly and expressly" rely on a state procedural rule to deny the petitioner's claim.[51] But for the second type of default, where the petitioner has not fully presented his claim to the state courts, there is no "clearly and expressly" requirement.[52]

As the Supreme Court held, when a petitioner fails to present his claims to the state courts and the time for making those claims in state court has passed, the petitioner procedurally defaults his claims.[53] The purpose of this rule is to prevent petitioners from circumventing exhaustion requirements by "letting the time run" on his state remedies.[54] Underscoring this idea, the Sixth Circuit has also held that a petitioner cannot "let[] the clock run on a claim in state court and then bring[] the claim in federal court."[55]

To require clear and express reliance on a state procedural rule before defaulting an unexhausted claim would allow a petitioner to do exactly what the Supreme Court and Sixth

---

[49] *Lovins*, 712 F.3d at 295 (citing *Williams*, 460 F.3d at 806).
[50] *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).
[51] *Lovins*, 712 F.3d at 295–96 (finding that the petitioner properly presented his claim in state court so that the first type of procedural default applied before requiring the state court to "clearly and expressly" rely on a state procedural rule to establish default).
[52] *See id.*
[53] *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).
[54] *Id.*
[55] *Peoples v. Lafler*, 734 F.3d 503, 510 (6th Cir. 2013) (citing *O'Sullivan*, 526 U.S. at 848).

Case No. 1:22-cv-00257
GWIN, J.

Circuit have warned against.[56] Therefore, untimely and unexhausted habeas claims are procedurally defaulted even if no state court "clearly and expressly" relied on a procedural bar to deny those claims.[57]

As discussed, even though the state courts did not clearly and expressly rely on a procedural rule to deny Butts' confrontation claim, Butts failed to present his confrontation claim to the state courts. And it is now too late for Butts to do so. For this reason, Butts defaulted his Sixth Amendment confrontation claim.

### B. Cause and Prejudice[58]

Since Butts defaulted on his confrontation claim, the Court can consider Butts' claim only if Butts shows cause and prejudice.[59] Butts can do this by proving ineffective assistance of appellate counsel.[60]

For ineffective assistance to excuse Butts' default, Butts' ineffective assistance claim must itself merit habeas relief.[61] However, Butts' ineffective assistance claim is not cause to excuse the default of Butts' confrontation claim if the ineffective assistance claim is itself defaulted.[62]

The Magistrate Judge found that Butts' ineffective assistance claim was defaulted because Butts never presented his ineffective assistance claim to the Ohio Supreme Court.[63]

---

[56] Consider what would happen if a petitioner sat on a constitutional claim and never raised it in the state courts. Once the time for raising the constitutional claim in state court passed, the petitioner could then raise the claim in a federal habeas petition. But since the petitioner's claim was never raised in state court, no state court could have "clearly and expressly" relied on a state procedural rule to deny the claim. So, if procedural default of unexhausted claims required "clear and express" reliance on a state procedural rule, unexhausted claims would never be procedurally defaulted.
[57] *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989).
[58] The Court does not consider whether a fundamental miscarriage of justice excuses Butts' procedural default because Butts does not argue he suffered such a miscarriage of justice.
[59] *Coleman*, 501 U.S. at 750.
[60] *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)).
[61] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim.").
[62] *Id.* at 452–53.
[63] Doc. 11 at 14.

Case No. 1:22-cv-00257
GWIN, J.

In so finding, the Magistrate Judge emphasized that, when Butts appealed his Rule 26(B) application denial to the Ohio Supreme Court, Butts framed his appeal in terms of his underlying confrontation claim rather than in terms of his ineffective assistance claim.[64]

As the Court explained above, though, a Rule 26(B) application inherently raises an ineffective assistance of appellate counsel claim.[65] Even if a petitioner attempts to raise an underlying constitutional claim in a Rule 26(B) application, that application must still be centered on the ineffective assistance claim.[66]

That logic extends to an appeal from the denial of a Rule 26(B) application. The procedural context of Rule 26(B) makes clear that the only type of claim that can be raised is an ineffective assistance claim, even on appeal. Thus, Butts' appeal to the Ohio Supreme Court must also be construed as raising Butts' ineffective assistance claim.

Since Butts raised his ineffective assistance claim to both the Ohio appellate and high courts, and no state court denied Butts' ineffective assistance claim on procedural grounds, Butts did not procedurally default his ineffective assistance claim.

That said, Butts' ineffective assistance claim does not excuse Butts' default unless the ineffective assistance claim has merit. When a petitioner claims that he received ineffective assistance because his appellate counsel should have raised a constitutional claim, that ineffective assistance claim fails if the underlying constitutional claim fails.[67] For the reasons discussed in the following section, Butts' confrontation claim would fail on the merits.

---

[64] Doc. 11 at 14.
[65] *Davie*, 547 F.3d at 312.
[66] *Id.*
[67] *Moore v. Mitchell*, 708 F.3d 760, 778 (6th Cir. 2013) (holding that ineffective assistance of appellate counsel did not excuse default for an underlying claim when "the underlying claim was meritless").

- 10 -

Case No. 1:22-cv-00257
GWIN, J.

So, default of Butts' confrontation claim is not excused and the Court **DISMISSES** Butts' petition.

### C. Merits

Even if Butts had not defaulted his confrontation claim, or if Butts' default were excused, Butts still would not be entitled to habeas relief.

For one, Butts' confrontation claim focuses on a specific line of questioning that the state trial court prevented Butts from pursuing when cross examining the lead detective.[68] Such matters are largely issues of state evidentiary law. To the extent that Butts challenges the state trial court's application of state evidentiary law, his claim is not cognizable in habeas proceedings.[69]

And to the extent Butts is claiming that restrictions on his ability to cross examine the lead detective violates his Sixth Amendment confrontation right, Butts fails to meet the high bar necessary to make such a claim.

The Sixth Amendment protects a defendant's ability to cross examine a witness about specific biases but not about general credibility.[70] However, trial courts may still place "reasonable limits" on inquiries into bias.[71] Usually, a trial court does not violate the confrontation right unless it "prohibit[s] *all* inquiry into the possibility" of bias.[72]

In this case, Butts argues that cross examining the lead detective about an alleged discrepancy in the lead detective's warrant affidavit would have allowed Butts to demonstrate that the lead detective was biased.[73] However, Butts has failed to show that he could not

---

[68] Doc. 10 at 8–9.
[69] *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).
[70] *Boggs v. Collins*, 226 F.3d 728, 736 (6th Cir. 2000).
[71] *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).
[72] *Id.* (emphasis in original).
[73] Doc. 10 at 8–9.

Case No. 1:22-cv-00257
GWIN, J.

raise his bias defense without being able to question the lead detective about this discrepancy. Without a showing that the state trial court's actions impeded Butts' ability to make his bias argument to the jury, there is no confrontation violation.

And if Butts had shown that the lead detective's discrepancy was the only evidence of bias, Butts' confrontation claim would then fail for another reason: any error would have been harmless.[74] The alleged discrepancy—whether the victim said that she disliked Butts or disliked her mother's boyfriend—is so minor that it would not have a "substantial and injurious effect or influence in determining the jury's verdict" for the trial court to exclude testimony about the discrepancy.[75] That is especially so given that the jury heard testimony from the victim and victim's mother themselves.[76]

Therefore, Butts' confrontation claim would still fail on the merits if it were not procedurally defaulted.

### IV. CONCLUSION

The Court **OVERRULES** Butts' objections and **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's R&R. Except for the portion of the R&R finding that Butts procedurally defaulted his ineffective assistance claim, the Court adopts the R&R. As such, the Court **DISMISSES** Butts' habeas petition. Because reasonable jurists would not find this outcome debatable, the Court **DENIES** a certificate of appealability.[77]

IT IS SO ORDERED.

Dated: January 16, 2024                     s/     James S. Gwin

---

[74] See Davis, 576 U.S. at 267.
[75] Brecht, 507 U.S. at 637 (citation omitted).
[76] Doc. 5-1, Ex. 9 at PageID #: 137; see also Miller v. Genovese, 994 F.3d 734, 744 (6th Cir. 2021) (analysis of harm from a confrontation violation depends in part on the witness's importance to the case and the overall strength of the prosecution case).
[77] Slack v. McDaniel, 529 U.S. 473, 484 (2000).

- 12 -